This action was brought by the plaintiff, as assignee of W. F. Kornegay Co., against the defendants Styron Duncan, the builders of the vessel presently to be mentioned, and the defendant Brown, who afterwards purchased that vessel, claiming mediately under his co-defendants.
The plaintiff alleges in his complaint, among other things, that he manufactured and sold to said Styron Duncan, for a price specified, "a marine boiler, * * * to be used in completing, equipping, furnishing and fitting out a certain steamboat named `Margie,' which said defendants were then engaged in building at Washington, in the county of Beaufort," c. And further —
"5. That within the time prescribed by law, the plaintiff filed in the office of the Clerk of Superior Court of said county a notice of lien for said claim upon said steamboat for balance then due, to-wit, eight hundred dollars, with interest from February 3d 1885.
"6. That the defendant C. M. Brown is in possession of said steamboat, claiming it under a sale under a mortgage given by the said Styron 
Duncan, as the plaintiff is informed and believes."
The defendants, in their several answers, deny that the plaintiff ever acquired any lien upon the vessel as claimed by him, or at all, and the defendants Styron Duncan among other things, allege —
"4. That on or about June 11th, 1884, these defendants, with the consent and affirmance of plaintiff, sold and conveyed said steamer to the New Berne, Beaufort and Onslow Inland Coasting Company, a corporation of Carteret County, N.C.; that at said sale and transfer, said plaintiff agreed, with the officers of said corporation, to (16) accept its notes, to be secured by a second mortgage on said steamer for said sum claimed by him. *Page 42 
"5. That thereby these defendants were individually released from said obligation by plaintiff.
"6. That they adopt sections 3, 5, 6, 7, 8, 9, 10 and 11 of the answer of their co-defendant C. M. Brown, and make the said sections a part of this their answer."
The defendant Brown, in his answer alleges, among other things, as follows:
"For third defence, this defendant says:
"7. That on the 11th day of June, 1884, or thereabouts, the said Styron Duncan sold, assigned and conveyed their respective shares and interests, being one-half each, in said steamer to the New Berne, Beaufort and Onslow Inland Coasting Company, a corporation in the county of Carteret, North Carolina, by `Bills of Sale' for said vessel.
"8. The said corporation executed its notes and mortgages to said A. W. Styron and one said Thomas Duncan, conveying said steamer to secure its notes for the purchase money, or unpaid part thereof, for said steamer; that on June 17th, 1884, before said notes were due, two of said notes, for $1,307.01 each, were assigned to defendant for value, one by defendant Styron and one by defendant Duncan, who caused said notes to be preferred in the said mortgages. That under the sale under these mortgages this defendant purchased both halves, or the whole, of said sale, this defendant had no knowledge of any lien or claim of plaintiff on said steamer, and purchased said notes before they were due, and also said steamer, without any knowledge of said claim or lien, and for a full and valuable consideration.
"9. That defendant is informed, believes and alleges, that the plaintiff consented to the sale, hereinbefore set forth, to said New Berne, (17) Beaufort and Onslow Inland Coasting Company, and thereby waived any alleged lien he may have claimed upon said steamer.
"10. That defendant is informed, believes and alleges that said plaintiff not only consented to said sale to said corporation, but agreed at time of said sale with the said corporation to accept the notes of said corporation for the amount claimed by him.
"11. That defendant is informed, believes and alleges that said plaintiff knew of the intended execution of said first mortgages herein set forth, and under which defendant purchased and made no objection to the execution thereof, and, in fact and law, consented to the same."
The plaintiff demanded judgment —
"1. For eight hundred dollars, with interest thereon from the 5th day of July, 1884. *Page 43 
"2. For costs.
"3. That said judgment be declared a lien upon said steamboat `Margie,' and that said steamboat be sold to satisfy the same, and
"4. For such other relief as he may be entitled to."
Among other issues, the Court submitted the following to the jury, to which they responded as indicated at the end of each of them:
"1. Did the firm of W. F. Kornegay Co. agree to accept from the transportation company its notes secured by second mortgage upon the steamer `Margie,' in satisfaction of their debts? Ans. Yes.
"2. Were such notes and mortgages executed and delivered to the said firm in pursuance of such agreement? Ans. No.
"3. Was the transportation company able to execute such notes and to secure the same by mortgage upon the steamboat? Ans. Yes.
"9. Did the plaintiff assent to the sale of the steamer (18) `Margie' to the company at or before the sale or the filing of the lien? Ans. Yes.
"10. Is the company now able to execute its notes and secure same by mortgage upon the steamer for which the boiler was furnished? Ans. No."
In lieu of the ninth issue, the plaintiff requested the Court to submit the following: "Did the plaintiff, or the firm of W. F. Kornegay, consent to the sale of the steamer `Margie' by Styron Duncan to the New Berne, Beaufort and Onslow Inland Coasting Company at or before the sale?" The Court declined to submit this issue, and plaintiff excepted.
The Court gave judgment in favor of the plaintiff, and against the defendants Styron Duncan, for the debt ascertained to be due, and declined to declare the same to be a lien on the steamboat mentioned and direct a sale thereof, as demanded by the plaintiff. The latter, having excepted, appealed.
The first exception cannot be sustained. The ninth issue submitted to the jury served substantially the same purpose as that proposed by the plaintiff in lieu of it would have done if it had been submitted. "Consent" and "assent" are not synonymous terms, but the result would be the same in this case, whether the plaintiff consented or assented to the sale of the vessel to the Coasting Company named. Besides, taking the first issue submitted in connection with the pleadings, the jury found, in substance, that the *Page 44 
plaintiff consented to such sale. He was a member of the firm of W. F. Kornegay Co., and is their assignee of the cause of action alleged in the complaint.
(19) If it be granted, as the plaintiff contends, that he perfected a lien in favor of his debt, as allowed by the statute (The Code, §§ 1781-1784), upon the vessel which he seeks to subject to its payment, we think he waived and abandoned such lien in favor of the Coasting Company mentioned, and all persons claiming under and through it, and he cannot now have benefit of it.
The defendants allege expressly in their answers that the plaintiff not only consented to a sale of the vessel to that company, but agreed at the time of the sale to accept its notes, secured by a second mortgage of the property, for the amount due him from the defendants Styron and Duncan; and the jury find, by their verdict, that he did so agree, and further, that he assented to the sale when made. It was clearly competent for the plaintiff thus to abandon his lien; and, having done so, he cannot, in good conscience, insist upon enforcing it — he is estopped in equity from doing so.
It is no sufficient answer to say that the notes and second mortgage of the Coasting Company were not executed. It agreed, upon a sufficient consideration, with the plaintiff to execute them, and as it failed to do so — for what reason does not appear — he might have had his remedy against it. It does not appear that the execution of them was made a consideration precedent to the waiver, and it is found, as a fact, that the plaintiff assented to the sale. It may be that he unwisely agreed to abandon his lien — that he made a bad bargain in doing so — but if so, this was his misfortune or his folly; it is no reason why he should be allowed to re-assert his lien to the prejudice of innocent purchasers, nor will a court of equity help or allow him to do so.
Affirmed.
(20)